NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-11664

COMMONWEALTH  vs.  RAZAK O. OYEWOLE.


December 18, 2014.


Motor Vehicle, Operation, Operating under the influence, License to operate.  License.  Notice.


The defendant appeals from his conviction, after a jury-waived trial, of operating a motor vehicle after his license had been suspended for operating while under the influence of alcohol.  G. L. c. 90, § 23, third par.  In a divided published opinion, the Appeals Court affirmed the conviction.  Commonwealth v. Oyewole, 84 Mass. App. Ct. 669 (2014).  We granted further appellate review, limited to the sufficiency of the evidence that Oyewole was notified of the license suspension.  467 Mass. 1108 (2014).  Because we conclude that the evidence at trial was insufficient to prove this element beyond a reasonable doubt, we reverse and direct the entry of judgment for the defendant.

Viewing the record in the light most favorable to the Commonwealth, Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), we briefly state the facts, which are more fully set forth in the Appeals Court's opinion.  Oyewole, supra at 670-671.  In October, 2009, the defendant admitted to sufficient facts to support a finding of guilty on a charge of operating while under the influence of liquor (OUI case).  According to the docket sheet from that case, his license was suspended for sixty days.  Less than sixty days later, a Wilmington police officer, observing that a motor vehicle had its headlights off at 12:30 A.M., stopped the vehicle.  The defendant was the driver and only occupant of the vehicle.  The officer requested the defendant's license, which the defendant produced.  The

officer confiscated the license and placed the defendant under arrest.

As the Appeals Court stated, the Commonwealth was obligated to prove, beyond a reasonable doubt, "(1) that the defendant operated a motor vehicle; (2) that at the time of that operation the defendant's license was revoked or suspended; (3) that the license suspension or revocation was pursuant to a violation of one of the specified statutory sections (including [OUI] in violation of G. L. c. 90, § 24[1][a]); and (4) that the defendant was notified that his license had been suspended or revoked." Oyewole, supra at 672, quoting Commonwealth v. Deramo, 436 Mass. 40, 50 (2002). The evidence at this brief[1] trial was sufficient to establish the first three elements, as it showed that the defendant operated a motor vehicle while his license was suspended for operating while under the influence. As to the fourth element, however, the evidence presented at trial, together with all reasonable and possible inferences that might properly be drawn from it, was insufficient to permit a reasonable fact finder to find, beyond a reasonable doubt, that the defendant was notified of the license suspension.[2] While the docket sheet from the OUI case, which was in evidence, permits an inference that the defendant was present when his license was suspended, the Commonwealth did not offer any evidence demonstrating that the suspension was communicated to him. The docket sheet itself does not state that the defendant was

---

[1] The transcript reflects that the presentation of evidence, together with motions in limine and the defendant's motion for a required finding of not guilty, took less than one hour. The Commonwealth called two witnesses and offered two exhibits, namely, certain records from the registry of motor vehicles, which were offered solely to corroborate the defendant's biographical information, and the docket sheet from the case involving the prior charge of operating while under the influence of liquor. The defendant presented no evidence.

[2] While an inference drawn from circumstantial evidence "need only be reasonable and possible and need not be necessary or inescapable," e.g., Commonwealth v. Casale, 381 Mass. 167, 173 (1980), our task is to determine whether "the evidence presented at trial, together with all reasonable and possible inferences that might properly be drawn from it, was sufficient to permit a rational [fact finder] to find beyond a reasonable doubt the existence of every essential element of the crimes charged." Commonwealth v. Arroyo, 442 Mass. 135, 139-140 (2004).

notified of the suspension.  The Commonwealth did not present evidence that the judge in the OUI case announced the suspension in open court.[3]  There is no evidence in the record that the docket sheet was shown to the defendant or that any other written notification was sent to him.  Even on the assumption that to do so was the regular practice when accepting a plea -- a proposition unsupported by the record -- the Commonwealth may not rely on a presumption of regularity as a substitute for evidence proving an element of its case beyond a reasonable doubt.  Cf. Commonwealth v. Giordano, 8 Mass. App. Ct. 590, 592 n.2 (1979), cert. denied, 446 U.S. 968 (1980), and cases cited (in prosecution for escape, Commonwealth may not rely on presumption of regularity to avoid proving lawfulness of defendant's imprisonment).  There was also no evidence that the defendant acknowledged, at the time of the stop or at any other time, that he was aware of the suspension.

Moreover, the evidence showed that when he was stopped, the defendant had his license in his possession and gave it to the police officer.[4]  When a license is suspended in connection with a conviction for operating while under the influence, G. L. c. 90, § 24D, fourth par., requires that the license be surrendered to the probation department.  Here, however, the defendant apparently did not surrender his license.  A possible reason for this is that nobody notified the defendant that his license was suspended.

In sum, the record contains no evidence demonstrating that the defendant was notified of the license suspension, and some evidence suggesting the contrary.  The Commonwealth did not carry its burden of proving every element of the offense beyond a reasonable doubt.

Judgment reversed.

Finding set aside.

Judgment for the defendant.

---

[3] A transcript of the plea hearing might easily have established this.  However, no transcript was offered in evidence at trial.

[4] Nothing in the record suggests that this license was a counterfeit, a duplicate, or anything else other than the genuine license that had been suspended.

Stacy J. Silveira (George Ohlson, Jr., with her) for the defendant.

KerryAnne Kilcoyne, Assistant District Attorney, for the Commonwealth.